

**ORDERED in the Southern District of Florida on August 17, 2018.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIBERTY INDUSTRIES, L.C., | Case No. 18-14231-EPK |
| LIBERTY PROPERTIES AT NEWBURGH, L.C., | Case No. 18-14232-EPK |
| | Jointly Administered |
| Debtor(s). _____/ | |

## ORDER CONVERTING CHAPTER 11 CASES TO CASES UNDER CHAPTER 7

This matter came before the Court for hearing on August 15, 2018 upon the *Debtors' Emergency Motion to Dismiss Case with a 180 Days Prejudice Period* [ECF No. 67] (the "Motion") filed by Liberty Industries, L.C. and Liberty Properties at Newburgh, L.C. (the "Joint Debtors") and the *Limited Objection of the Official Committee of Unsecured Creditors to Debtors' Emergency Motion to Dismiss Case with a 180 Days Prejudice Period* [ECF No. 74] filed by the Official Committee of Unsecured Creditors in these jointly administered cases. For the reasons stated on the record, the Court ORDERS and ADJUDGES as follows:

1. The Motion [ECF No. 67] is DENIED.

2. The chapter 11 cases of Liberty Industries, L.C. and Liberty Properties at Newburgh, L.C. are CONVERTED to cases under chapter 7.

3. If applicable, each debtor shall immediately remit to the Clerk of Court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the Joint Debtors). Failure to pay this fee will result in dismissal of the relevant case.

4. Each debtor shall:

   a. Forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

   b. File, within 30 days of the date of this order, an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

   c. File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). Each debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the Court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

5. Each debtor shall file, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).

6. Pursuant to Local Rule 2016-1(C)(2), each debtor's attorney, any examiner or trustee appointed by the Court, or any other professional person employed under 11 U.S.C. § 327 or 1103, shall file within 90 days after the date of the post-conversion meeting an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award.  Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee.  Counsel for the debtors shall notify all such professionals of this deadline by serving them with a copy of this order.

7. Each debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

8. Failure of a debtor to comply with the provisions of this order may result in dismissal of the relevant case without further hearing or notice.

###

Copy furnished to:

Robert C. Furr, Esq.

*Robert C. Furr, Esq. is directed to serve a copy of this order on all parties in interest and file a certificate of service with the Court.*