

**ORDERED in the Southern District of Florida on December 11, 2018.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 7 |
| LIBERTY INDUSTRIES, L.C., | Case No. 18-14231-EPK |
| LIBERTY PROPERTIES AT NEWBURGH, L.C., | Case No. 18-14232-EPK |
| | Jointly Administered |
| Debtor(s). | |
| _____/ | |

**AMENDED ORDER GRANTING TRUSTEE'S AGREED MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002, 6004, AND 9014; APPROVING BIDDING PROCEDURES AND SCHEDULING SALE HEARING DATE AND ALLOWING THE SECURED CLAIM OF REGIONS BANK, N.A. (ECF NO. 111)**

THIS CAUSE came before the Court without a hearing upon the *Chapter 7 Trustee's Agreed Motion For Entry of Amended Order Pursuant To 11 U.S.C. §§ 105 And 363 And Fed. R. Bankr. P. 2002, 6004, And 9014; Approving Amended Bidding Procedures And Scheduling Sale Hearing Date And Allowing The Secured Claim Of Regions Bank, N.A.* (ECF No. 111) (the

47181172;2

"Motion").[1] The Court, having reviewed the Motion and finding that good cause exist for granting the relief sought, hereby

**ORDERS** as follows:

1. The Motion is **GRANTED**.

2. All inventory detailed in ECF No. 101 shall be expressly excluded from the Liquidation Assets subject to the Motion.

3. Claim No. 7 (Case No. 18-14231-EPK) and Claim No. 1 (Case No. 18-14232-EPK), filed by Regions Bank ("Regions"), shall be allowed in full as a secured claim in the aggregate amount of $2,725,338.67 (hereinafter, the "Regions Claim"), secured against all assets of the Debtors' estates, including the Liquidation Assets. The Regions Claim is allowed in full, not subject to any defense, setoff or other adverse claim.

4. Regions' consent to the Bidding Procedures set forth in the Motion and approved by this Order does not constitute any waiver or modification of its rights, claims or deficiency judgment against any guarantors of Regions' secured claims against the Debtors' estates. The closing of the proposed §363 sale, this Order, and any other order of the Court approving the §363 sale or any other matters related thereto, shall not waive, modify, satisfy or release Regions' judgment against the guarantors under the *Amended Order Granting Regions Bank's Motion for Summary Judgment* dated July 7, 2016 (the "Indiana Judgment"), entered in the case styled *Regions Bank v. Liberty Industries, L.C, Liberty Properties at Newburgh, L.C., and Barbara Wortley*, Case No. 87D02-1508-MF-001031, before the Warrick Superior Court No. 2 in Warrick County, Indiana (the "Indiana Action"). Regions' consent to the Amended Bidding Procedures set forth in the Motion and approved by this Order does not restrict its rights to sell or

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

assign any claims, judgments, or other rights as against the Debtors, their bankruptcy estates or any guarantors, including the Regions Claim and the Indiana Judgment. Nothing in the Amended Bidding Procedures set forth in the Motion and approved in this Order shall affect Regions' rights under this Court's stay relief order (ECF No. 70), including Regions' right to immediately reset the foreclosure sale in the Indiana Action, for a foreclosure sale date after February 25, 2019.

5. The Trustee is authorized, but not required, to offer any potential stalking horse bidder bid protections in the form of a: (i) breakup fee caped at 3% of any stalking horse bid for the reimbursement of all due diligence and transactional expenses associated with negotiating and perfecting any stalking horse bid; and (ii) an overbid protection requiring any bidder to outbid any stalking horse bid in an amount at least 5% greater than the stalking horse bid (the "Stalking Horse Bid Protections"). Any Stalking Horse Bidder that obtains a Breakup Fee shall be precluded from credit bidding the Breakup Fee and the Breakup Fee shall be funded solely from any successful bidder that closes on an overbid that is approved by the Court. The Stalking Horse Bid Protections as detailed herein are approved and will not require any further Order by the Court.

6. The Amended Bidding Procedures detailed in the Motion are approved in their entirety.

7. The Amended Bid Deadline shall be on or before February 11, 2019 at 4:30 p.m. Eastern Standard Time.

8. In the event at least two Qualified Bids are received prior to the expiration of the Amended Bid Deadline, the Trustee shall conduct an auction on February 12, 2019 at 10:00 a.m. Eastern Standard Time at the United States Bankruptcy Court, Flagler Waterview Building, 1515

North Flagler Drive, 8th Floor, Attorney Conference Rooms outside Courtroom B, West Palm Beach, Florida 33401.

9. **A hearing to approve the sale of the Liquidation Assets shall be held on February 12, 2019 at 2:00 p.m. at United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

10. The closing on the sale of any of the Liquidation Assets and disbursement of all sale proceeds to Regions up to the amount of the Regions Claim plus its reimbursable expenses, except for the Buyer's Premium and Break Up Fee, shall be completed on or before February 25, 2019, unless extended by written consent provided by Regions Bank to the Trustee and the successful bidder.

11. Regions agrees that 50% of any commission allowed by this Court to any real estate broker approved by this Court for the sale of the Real Property, shall be paid at any closing on the sale of the Real Property, from any distribution due to Regions upon the Regions Claim. Notwithstanding anything herein to the contrary, Regions' contribution to any such real estate broker's commission shall be capped at no more than three percent (3%) of the gross purchase price of the Real Property.

12. The Trustee and the Debtor's estate shall be obligated to fund 50% of any commission allowed by this Court to any real estate broker approved by this Court for the sale of the Real Property, to be paid by the Debtor's estate at any closing on the sale of the Real Property.

13. A bidder seeking to qualify for a bid made solely to acquire the Real Property must submit a bid to the Trustee in the amount of $1,200,000, plus a 10% buyer's premium

("Minimum Real Property Bid") and tender a $150,000 Good Faith Deposit ("Real Property Deposit") on or before the Amended Bid Deadline.

14. A bidder seeking to qualify for a bid made solely to acquire the Equipment must submit a bid to the Trustee in the amount of $300,000, plus a 10% buyer's premium ("Minimum Equipment Bid") and tender a $30,000 Good Faith Deposit ("Equipment Deposit") on or before the Amended Bid Deadline.

15. A bidder seeking to qualify for a bid made solely to acquire the Engineering Drawings must submit a bid in an amount approved in writing by both Regions and the Trustee, plus a 10% buyer's premium.

16. The Good Faith Deposit of a Qualified Bidder shall be returned within three (3) business days after the earlier of (a) the closing of a sale transaction on all or a portion of the Liquidation Assets or (b) 30 days after the Sale Hearing. In the event the Successful Bidder fails to close, it will forfeit its Good Faith Deposit to Regions, and the Trustee will seek to close on any backup bids received.

17. To the extent the Liquidation Assets are uninsured and Regions determines that it must insure same to protect its interest in the Liquidation Assets, the cost of any such insurance (along with any other necessary maintenance costs for the property that Regions pays) shall be paid to Regions from the gross sale price at closing. If any such funds are paid to Regions, the Buyer's Premium shall be calculated on the net sale price after Regions is repaid for its reimbursable expenses.

18. Regions and the proceeds of the sale of the Liquidation Assets shall not be subject to any carve out, surcharge or other similar doctrine or claim, including claims by the estate, Debtors, Trustee, Committee of Unsecured Creditors or any other creditor or party-in-interest.

Notwithstanding, the Trustee shall be permitted to charge a buyer's premium of 10% (the "<u>Buyer's Premium</u>") to the Successful Bidder, calculated as 10% (ten percent) of the gross purchase price provided in the Successful Bidder's Bid, which shall be disbursed to the Trustee only upon a final order approving a sale of the Liquidation Assets and receipt of the final purchase price in full.  The Buyer's Premium shall serve as the sole source of funds distributed to the Debtors' bankruptcy estates, including to pay all fees, costs, commissions, administrative expenses, and claims, in the event the sale does not generate sufficient funds to satisfy the Regions Claim in full.  The Breakup Fee shall be funded solely from any successful overbid and shall not be funded from any Buyer's Premium paid to the Trustee in connection with the sale, or from the Good Faith Deposit of the Successful Bidder's Bid or any backup bidder's bid, which deposits shall be held in trust for the exclusive benefit of Regions.

###

Submitted by:

Eyal Berger, Esq.
AKERMAN LLP
*Co-General Bankruptcy Counsel for*
*Trustee, Nicole Testa Mehdipour*
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel:  954-463-2700
Fax: 954-463-2224
eyal.berger@akerman.com

Eyal Berger is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

47181172;2